### INTERNATIONAL SILK GUILD, Inc. v. McGRATH, Atty. Gen. et al.

#### Civ. A. 3403–51.

United States District Court
D. Columbia, Washington, D. C. Division.

June 27, 1952.

Delmar W. Holloman, of Davies, Richberg, Tydings, Beebe & Landa, Washington, D. C., for plaintiff.

Harold I. Baynton, Asst. Atty. Gen., Department of Justice, James D. Hill, Walter T. Nolte, Daniel G. McGrath, Leon Yudkin, Attys., Department of Justice, Washington, D. C., for defendant.

MORRIS, District Judge.

This is a proceeding brought by the plaintiff for review of the action by the Deputy Director, Office of Alien Property Custodian, denying the claim of the plaintiff, asserted against funds of Asahi Silk Company, a Japanese corporation, vested under the provisions of the Trading with the Enemy Act, as amended, 50 U.S.C.A. Appendix, § 1 et seq., in the Alien Property Custodian. This proceedings is brought under the provisions of Section 34(e) of that Act, providing for a review of such action, denying the plaintiff's claim.

The claim of the plaintiff is that an agreement was made and entered into between the importers of silk in the United States and the exporters of silk in Japan, of which Asahi Silk Company was one,

whereby certain assessments on each bale of silk imported should be paid by the importers, remitted to the exporters, and by them transmitted to the plaintiff for the purpose of carrying on the business of the plaintiff in developing the market and trade for silk. Previously funds for the business of the plaintiff had been furnished by the Central Raw Silk Association of Japan, an organization with governmental sanctions, practically controlling that industry in Japan. Apparently it became difficult or impossible to procure the funds needed for this purpose, and out of that situation negotiations were had which the plaintiff claims resulted in the agreements for the assessments above referred to. Between May 1940 and July 1941, the Japanese exporters, as a whole, collected $667,-723.28, but remitted only $58,375 on this amount to the plaintiff. During that period Asahi Silk Company collected $71,585.26 of the total sum. The plaintiff credited Asahi Silk Company with $6,258.27 as its proportionate share of the $58,375, leaving a balance of $65,326.99, which is the amount sought by the plaintiff to be recovered from the vested funds. Said vested funds arose from the sale of properties of Asahi Silk Company in this country, consisting of the capital stock of a corporation known as Asahi Corporation, the ownership of which was in the Asahi Silk Company, Limited, the Japanese Corporation.

 The Chief Hearing Examiner, after hearings, rendered a decision in favor of the plaintiff's claim, largely predicated upon the finding that the importers paid the assessment to the exporters for the purpose and upon the understanding that such funds would be remitted to the plaintiff, and that the exporters received said funds with the knowledge that it had been paid for such purpose and upon such understanding by the importers paying the same. I am convinced that the evidence disclosed by the record of the hearing and exhibits supports this conclusion of the Chief Hearing Examiner in view of the fact that the principal exporters, including Asahi, Japan, had representatives in this country who were fully aware of the purpose and intention of the importers.

The Deputy Director, upon review, reversed the allowance of the claim of the plaintiff made by the Chief Hearing Examiner primarily upon the ground that the evidence failed to disclose any agreement or meeting of the minds between the importers and the exporters, including Asahi, Japan, that the money paid by the importers would be remitted to the plaintiff. From the evidence and exhibits in the case, I am also forced to the conclusion that the Deputy Director was correct in finding that such agreement was not established. Notwithstanding the absence of such agreement, I would conclude that the claim should be allowed in view of the purpose and understanding on the part of the importers at the time the money was paid and received by the exporters, including Asahi, Japan, with the knowledge of such purpose and understanding on the part of the importers paying the funds, if it were shown that such funds were in the hands of the exporters, in the instant case in the hands of Asahi, Japan, at the time of the vesting of that exporter's property in the Alien Property Custodian. To conclude otherwise would be to sanction an unjust enrichment contrary to the law of the State of New York, which is the critical law here applicable. But I must conclude from the evidence and the exhibits that it has not been established that such funds were in the hands of Asahi, Japan, at such critical time, the burden of establishing which is upon the plaintiff. On the contrary, it seems to appear that subsequent to the receipt of such monies by Asahi, Japan, they were transmitted through an exporter's association to a committee of the Central Raw Silk Association of Japan, which committee had made such remittances as were made to the plaintiff. It is urged by the plaintiff that the exhibits show that the Central Raw Silk Association of Japan had transferred such funds to an exporter's association, of which Asahi, Japan, was a member, and such funds were held on reserve, which, it is claimed by the plaintiff, constitutes a repayment to Asahi, Japan, of such funds so that they were in fact possessed by that corporation at the time of the vesting

of its property in the Alien Property Custodian. In the absence of other evidence, I cannot agree with this conclusion.

For the reasons stated, I must conclude that the plaintiff has not established its right to receive the funds claimed, and, therefore, the motion of defendants for summary judgment must be granted. Counsel will prepare an appropriate order carrying this decision into effect.